U.S. Department of Justice

Ronald C. Machen Jr
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 27, 2012

**FILED**
DEC - 3 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Sotiris A. Planzos, Esq.
Daniel E. Waltz
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037

        Re:  <u>China Nuclear Industry Huaxing Construction Co., Ltd., Plea Offer</u>

Dear Messrs. Planzos and Waltz:

        This letter sets forth the full and complete plea offer to your client, China Nuclear Industry Huaxing Construction Co., Ltd. ("HUAXING"), from the United States Attorney's Office for the District of Columbia ("USAO-DC" or "the Government"). If your client accepts the terms and conditions of this offer, both an authorized senior representative of your client and you should execute this document in the spaces provided below and return the original document to us. Please include a copy of the resolution of the Board of Directors of HUAXING which states that your client has authorized this Plea Agreement and has empowered you as its outside counsel to act on its behalf for purposes of this plea. Upon our receipt of the executed document (along with the aforementioned board resolution), this letter will become the plea agreement ("Plea Agreement"). The signed Plea Agreement **must be filed** with the United States District Court for the District of Columbia **on or before December 7, 2012**, or the entire Plea Agreement will become null and void.

        The terms of the USAO-DC's plea offer are as follows:

        **1.**      **<u>Charges</u>**

        Your client agrees to waive indictment and enter a plea of guilty to a four-count criminal Information, which will be filed in the United States District Court for the District of Columbia. A copy of the Information is attached. The Information charges your client with, in Count One, conspiring to violate the International Economic Powers Act ("IEEPA") and Export

CR 12-251

DEFENDANT'S
EXHIBIT
4

Administration Regulations ("EAR"), in violation of 18 U.S.C. § 371, and in Counts II-IV, three substantive violations of IEEPA, 50 U.S.C. § 1705, and the Export Administration Regulations ("EAR"), 15 C.F.R. § 764.2.

Your client agrees to appear before the Court through an authorized senior representative and to admit its guilt to the offenses charged in the Information, accept the attached Factual Proffer in Support of Guilty Plea as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

2. **Potential Penalties, Restitution and Assessments**

Your client, as a corporate violator, understands that, pursuant to 18 U.S.C. § 3571(c)(3), the maximum penalty could be (a) a criminal fine of $500,000 for each of these charges; (b) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (c) twice the gross amount of any pecuniary loss sustained by any victims of the offense. See 18 U.S.C. § 3571. Your client would also be subject to a term of corporate probation of up to five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. In addition, the Court will order your client to pay a mandatory special assessment of $400 per count (for a total of $1600) to the Clerk of the United States District Court, such assessment payable prior to sentencing. See 18 U.S.C. § 3013.

3. **Sentencing Guidelines Stipulations**

The parties agree that your client's sentence is not governed by the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."). That is because, although the offense conduct to which your client is pleading guilty is covered by U.S.S.G. § 2M5.1(a), that Guideline is not listed under U.S.S.G. § 8C2.10, which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

4. **Additional Charges**

In consideration and as an express condition of this corporate plea agreement, no additional criminal charges shall be filed against HUAXING, or its successors-in-interest, by the United States Attorney's Office for the District of Columbia with regard to any conduct described in the accompanying written factual proffer. This Plea Agreement solely concerns the parties to this agreement and no other individuals, companies, or agencies.

This Plea Agreement provides no immunity or protection, in any manner, for individuals from any future criminal investigation or prosecution.

2

5. **Plea Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Federal Rule of Criminal Procedure (F.R.Cr.P.) 11(c)(1)(C), your client and the Government agree that a criminal fine of $2,000,000 ($500,000 for each count), $1,000,000 of which will be stayed pending your client's successful completion of five years of corporate probation, is the appropriate sentence for the charges to which your client is pleading guilty, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The parties agree that if your client successfully completes the five-year probationary period, including satisfying each of the conditions of probation listed below, the $1,000,000 stayed portion of the criminal fine will be deemed null and void. The parties agree that your client need provide no security or bond to the Court to ensure payment of the $1,000,000 stayed portion of the fine in the event that your client does not successfully complete the five-year probationary period. 18 U.S.C. § 3572(g).

Your client agrees to pay in full the $1,000,000 criminal fine not subject to stay within three (3) business days of the sentencing hearing in this matter. Payment shall be made either by wire transfer or by cashier's check or certified check made payable to: "Clerk, United States District Court for the District of Columbia."

In addition to any other conditions of probation that the Court may impose, your client and the Government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them:

(a) Your client shall pay the sum set forth in this Plea Agreement as directed by the Court.

(b) Your client shall not commit any U.S. federal, state, or local crimes during the term of probation.

(c) Your client shall notify the Court of any material change in its economic circumstances that might affect its ability to pay the $1,000,000 stayed portion of the criminal fine.

(d) Your client shall implement and maintain an effective export controls and ethics compliance program that fully comports with the criteria set forth in U.S.S.G. § 8B2, including, at a minimum:

(i) Implementing, within one hundred and eighty (180) days of sentencing in this matter, a written export controls policy that requires directors, officers and employees of HUAXING to comply with U.S. export control laws and regulations including, without limitation, U.S. laws and regulations prohibiting the export, reexport and in-country transfer to an entity on the

3

            Entity List (as set forth in Supplement No.4 to Part 744 of the U.S. Export Administration Regulations ("EAR")) or to nuclear end users, or for nuclear end uses, subject to Section 744.2 of the EAR ("HUAXING's U.S. export controls compliance program").

(ii)      Ensuring that a specific HUAXING employee is assigned overall responsibility for implementation of HUAXING's U.S. export controls compliance program ("HUAXING's compliance director"), and ensuring that that employee reports directly to HUAXING's Board of Directors no less frequently than on an semi-annual basis on the implementation and effectiveness of the program.

(iii)     Requiring mandatory annual U.S. export controls training for all directors, officers and, as appropriate for job function, employees of HUAXING. Such training shall cover, at a minimum, (A) all relevant U.S. export control laws and regulations, including exports, reexports and in-country transfers involving an entity on the Entity List (as set forth in Supplement No.4 to Part 744 of the U.S. Export Administration Regulations ("EAR")) or involving nuclear end uses or nuclear end users subject to Section 744.2 of the EAR; (B) HUAXING's U.S. export controls compliance program; (C) HUAXING's ethics policy related to compliance with U.S. export policies, controls or procedures; and (D) the obligations assumed by, and responses expected of directors, officers, and employees of HUAXING upon learning of any suspected or actual violations of any U.S. export control laws and regulations, of HUAXING's U.S. export controls compliance program, or of HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures. To the extent that it has not already done so, HUAXING shall commence providing this training within one hundred and eighty (180) days calendar days after sentencing in this matter.

(iv)     Implementing an effective system for internal reporting of suspected or actual violations of any U.S. export controls laws or regulations, of HUAXING's U.S. export controls compliance program, or of HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures, including a confidential, anonymous "hotline" and e-mail address, of which the directors, officers, employees of HUAXING are informed and can use to report any such suspected or actual violations without fear of retaliation.

(v)      Requiring all directors, officers, and employees of HUAXING to report to HUAXING's compliance director any suspected or actual violations involving directors, officers and/or employees of HUAXING of any U.S. export controls laws or regulations, of HUAXING's U.S. export controls

        compliance program, or of HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures.

(vi)    Implementing an effective written system of discipline for the directors, officers, employees of HUAXING who are found to have violated any U.S. export controls laws and regulations, HUAXING's U.S. export controls compliance program, or HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures.

(vii)    Requiring prompt written notification to the USAO-DC and the Department of Commerce's Bureau of Industry and Security ("BIS") of any known U.S. criminal investigations of any type of itself or its officers or directors. In addition, HUAXING shall promptly notify the USAO-DC and BIS in writing of any credible evidence of possible criminal conduct relating to any suspected or actual violations or attempted violations of any U.S. export control laws or regulations by the officers, directors, or of HUAXING. At the request of the USAO-DC, HUAXING shall provide the USAO-DC and BIS with all relevant non-privileged documents and information concerning such allegations, including but not limited to internal audit reports, "whistleblower" complaints, civil complaints, and documents produced in civil litigation. In addition, to the extent HUAXING has an obligation to notify the USAO-DC and BIS pursuant to this subsection, HUAXING shall report to the USAO-DC and BIS its planned investigative measures and any resulting remedial measures, internal and external, as a result of any suspected or actual violations of any U.S. export control laws or regulations.

      Your client also agrees that it will provide a complete copy of the audit reports required under its Administrative Agreement with BIS to the USAO-DC at the same time those reports are provided to BIS. Your client agrees that the USAO-DC may disclose the audit reports to any other U.S. federal law enforcement or regulatory agency in furtherance of an investigation of any other matters discovered by, or brought to the attention of, the USAO-DC. Upon delivery of those audit reports, your client may identify any trade secret or proprietary information contained in the audit reports and request that the information be redacted prior to disclosure. If the USAO-DC does not agree with HUAXING's requested redactions, the USAO-DC will not disclose the audit reports without first notifying HUAXING, through undersigned counsel, and providing a fourteen (14) day period for HUAXING to object to the disclosure of the audits in a form other than what HUAXING had proposed.

      The Government also agrees, pursuant to F.R.Cr.P. 11(c)(l)(C), to present this Plea Agreement between the parties to the Court for its approval. If the Court accepts the Plea Agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to F.R.Cr.P. 11(c)(4). The parties understand, however, that in light of other factors the Court may

not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to F.R.Cr.P. 11(c)(5). Your client understands that, if this happens, the Court, in accordance with the requirements of F.R.Cr.P. 11(c)(5), will inform the parties of its rejection of the Plea Agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this Plea Agreement. Your client further understands that if the Court rejects the Plea Agreement, the Government also has the right to withdraw from the Plea Agreement and to be freed from all obligations under the Plea Agreement, and may, in its sole discretion, bring different or additional charges against your client.

Further, if the Court rejects the Plea Agreement, and your client withdraws its guilty plea under F.R.Cr.P. 11(c)(5) and (d), this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under F.R.Cr.P. 11 regarding the guilty plea or this Plea Agreement, or made in the course of plea discussions with the USAO-DC, shall not be admissible against your client in any criminal or civil proceeding, except as otherwise provided in Federal Rule of Evidence (F.R.E.) 410. In addition, your client agrees that if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in this Plea Agreement will be tolled for a period of six months from the date of your client's withdraw of its guilty plea in addition to any tolling periods already the subject of tolling agreements between the parties.

### 6. Reservation of Allocution and Agreement to Waive Presentence Report and Proceed to Sentencing Immediately following Entry of Guilty Plea

Your client understands that the Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. Both parties reserve the right to inform the Court of any relevant facts and to contest any matters not provided for in this plea agreement.

The parties further agree to waive the presentence report and to proceed to sentencing immediately following entry of the guilty plea by the District Court.

### 7. Waiver of Rights

Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to be indicted by a grand jury, the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, and to compel witnesses to appear to testify and present other evidence on your client's behalf. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be

on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction. Your client understands that, by pleading guilty, your client is waiving each of these rights.

Your client also knowingly waives all challenges to venue or jurisdiction in the District of Columbia.

**8.      Breach of Agreement**

Your client understands and agrees that, if your client fails specifically to perform or to fulfill each and every one of your client's obligations under this Plea Agreement, or commits any further crimes, your client will have breached this Plea Agreement. In the event of such a breach, (a) the Government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw its guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes that your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to F.R.Cr.P. 11.

Your client acknowledges discussing with you F.R.Cr.P. 11(f) and F.R.E.410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, your clients understand and agree that any statements that are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this Plea Agreement or your client's guilty plea is subsequently withdrawn.

If your client breaches this Plea Agreement, any prosecution of your client not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against your client in accordance with this paragraph within six months of the government's notification of your client's breach or the District Court's determination that a breach has occurred, whichever is later. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecution commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the Government shall be required to prove a breach of this Plea Agreement only by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute it for any such offenses.

### 9. Appeal Waiver

It is agreed that (a) your client will not file an appeal of any sentence imposed pursuant to this Plea Agreement, including but not limited to, the imposition of the criminal fine agreed upon by the parties as set forth above, and (b) the Government will not appeal any sentence imposed pursuant to this Plea Agreement.

### 10. Prosecution by Other Agencies or Jurisdictions

This Plea Agreement binds only the USAO-DC. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

### 11. No Other Agreements

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

This Plea Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimile or electronically submitted signatures are acceptable, binding signatures for purposes of this Plea Agreement.

Very truly yours,

*Ronald C. Machen Jr. /saw/*
RONALD C. MACHEN JR.
United States Attorney


G. MICHAEL HARVEY
Assistant United States Attorneys
National Security Section

## DEFENDANT'S ACCEPTANCE

I am authorized to act on behalf of China Nuclear Industry Huaxing Construction Co., Ltd. in this matter.

I have read this Plea Agreement and have discussed it with the corporation's attorneys, Sotiris A. Planzos and Daniel E. Waltz. I am fully satisfied with the legal services provided by Mr. Planzos and Mr. Waltz. I understand this Plea Agreement and voluntarily agree to it. No threats have been made to me or China Nuclear Industry Huaxing Construction Co., Ltd., nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No promises, agreements, understandings, or conditions have been made or entered into except those set forth in this Plea Agreement.

Date: 2012. 11. 30

_____
ZHANG XIAOMING
Director of Risk Control Department
China Nuclear Industry Huaxing
Construction Co., Ltd.


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 11/30/12

_____
SOTIRIS A. PLANZOS, ESQ.
Counsel for China Nuclear Industry Huaxing
Construction Co., Ltd.