AO 245E    (Rev 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 1

# UNITED STATES DISTRICT COURT

| UNITED STATES FEDERAL COURT | District of | COLUMBIA |
|---|---|---|

UNITED STATES OF AMERICA

**v.**

CHINA NUCELAR INDUSTRY HUAXING
CONSTRUCTION COMPANY

**JUDGMENT IN A CRIMINAL CASE**
(For Organizational Defendants)

CASE NUMBER:  12-251

SOTRIS PLANZOS
_Defendant Organization's Attorney_

**FILED**

DEC 1 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## THE DEFENDANT ORGANIZATION:

☑ pleaded guilty to count(s)   ONE  THROUGH FOUR OF THE INFORMATION

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy | 9/30/2007 | 1 |
| 50 USC 1705 | International Emergency Economic Powers Act | 12/18/2006 | 2 |
| 15 C.F.R. Parts 730-774 | Export Administration Regulations | 12/18/2006 | 3 |

The defendant organization is sentenced as provided in pages 2 through ___9___ of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: _____

Defendant Organization's Principal Business Address:

No. 79 Yunglongshan Road
Jianyie District Nanjing City
Jiangsu Province People's Republic of China

12/3/2012
Date of Imposition of Judgment

Signature of Judge

EMMET G. SULLIVAN              U.S. JUDGE
Name of Judge                 Title of Judge

12/10/12
Date

Defendant Organization's Mailing Address:

SAME AS ABOVE

AO 245E     (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
            Sheet 1A

DEFENDANT ORGANIZATION:  CHINA NUCELAR INDUSTRY HUAXING CONS<sup>Judgment—Page</sup>  __2__  of  __9__
CASE NUMBER:  12-251

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2 | Causing an Act to be Done | 3/30/2007 | 4 |

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
            Sheet 2 — Probation

Judgment—Page ___3___ of ___9___

DEFENDANT ORGANIZATION:  CHINA NUCELAR INDUSTRY HUAXING CONS

CASE NUMBER:  12-251

## PROBATION

The defendant organization is hereby sentenced to probation for a term of :

  5 Years as to all Counts.

The defendant organization shall not commit another federal, state or local crime.

        If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant organization must comply with the standard conditions that have been adopted by this court as well as with   any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1)  within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2)  the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3)  the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4)  the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5)  the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6)  the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7)  the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 2A — Probation

DEFENDANT ORGANIZATION:  CHINA NUCELAR INDUSTRY HUAXING CONS    Judgment—Page ___4___ of ___9___
CASE NUMBER:  12-251

## ADDITIONAL PROBATION TERMS

Your client agrees to pay in full the $1,000,000 criminal fine not subject to stay within three (3) business days of the sentencing hearing in this matter. Payment shall be made either by wire transfer or by cashier's check or certified check made payable to: "Clerk, United States District Court for the District of Columbia."

In addition to any other conditions of probation that the Court may impose, your client and the Government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them:

(a)    Your client shall pay the sum set forth in this Plea Agreement as directed by the Court.

(b)    Your client shall not commit any U.S. federal, state, or local crimes during the term of Probation.

(c)    Your client shall notify the Court of any material change in its economic circumstances that might affect its ability to pay the $1,000,000 stayed portion of the criminal fine.

(d)    Your client shall implement and maintain an effective export controls and ethics compliance program that fully comports with the criteria set forth in U.S.S.G. § 8B2, including, at a minimum:

(i)    Implementing, within one hundred and eighty (180) days of sentencing in this matter, a written export controls policy that requires directors, officers and employees of HOAXING to comply with U.S. export control laws and regulations including, without limitation, U.S. laws and regulations prohibiting the export, reexport and in-country transfer to an entity on the Entity List (as set forth in Supplement No.4 to Part 744 of the U.S. Export Administration Regulations ("EAR")) or to nuclear end users, or for nuclear end uses, subject to Section 744.2 of the EAR ("HUAXING's U.S. export controls compliance program").

(ii)    Ensuring that a specific HUAXING employee is assigned overall responsibility for implementation of HUAXING's U.S. export controls compliance program ("HUAXING's compliance director"), and ensuring that that employee reports directly to HUAXING's Board of Directors no less frequently than on an semi-annual basis on the implementation and effectiveness of the program.

(iii)    Requiring mandatory annual U.S. export controls training for all directors, officers and, as appropriate for job function, employees of HUAXING. Such training shall cover, at a minimum, (A) all relevant U.S. export control laws and regulations, including exports, reexports and in-country transfers involving an entity on the Entity List (as set forth in Supplement No.4 to Part 744 of the U.S. Export Administration Regulations ("EAR")) or involving nuclear end uses or nuclear end users subject to Section 744.2 of the EAR; (B) HUAXING's U.S. export controls compliance program; (C) HUAXING's ethics policy related to compliance with U.S. export policies, controls or procedures; and (D) the obligations assumed by, and responses expected of directors, officers, and employees of HUAXING upon learning of any suspected or actual violations of any U.S. export control laws and regulations, ofHUAXING's U.S. export controls compliance program, or ofHUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures. To the extent that it has not already done so, HUAXING shall commence providing this training within one hundred and eighty (180) days calendar days after sentencing in this matter.

AO 245E     (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
            Sheet 2B — Probation

DEFENDANT ORGANIZATION:  CHINA NUCELAR INDUSTRY HUAXING CONS<sup>Judgment—Page</sup>  __5__  of  __9__
CASE NUMBER:  12-251

## SPECIAL CONDITIONS OF SUPERVISION

(iv)     Implementing an effective system for internal reporting of suspected or actual violations of any U.S. export controls laws or regulations, of HUAXING's U.S. export controls compliance program, or of HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures, including a confidential, anonymous "hotline" and e-mail address, of which the directors, officers, employees of HUAXING are informed and can use to report any such suspected or actual violations without fear of retaliation.

(v)     Requiring all directors, officers, and employees of HUAXING to report to HUAXING's compliance director any suspected or actual violations involving directors, officers and/or employees of HUAXING of any U.S. export controls laws or regulations, of HUAXING's U.S. export controls compliance program, or of HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures.

(vi)     Implementing an effective written system of discipline for the directors, officers, employees of HUAXING who are found to have violated any U.S. export controls laws and regulations, HUAXING's U.S. export controls compliance program, or HUAXING's ethics policy as it relates to compliance with U.S. export policies, controls, or procedures.

(vii)     Requiring prompt written notification to the USAO-DC and the Department of Commerce's Bureau of Industry and Security ("BIS") of any known U.S. criminal investigations of any type of itself or its officers or directors. In addition, HUAXING shall promptly notify the USAO-DC and BIS in writing of any credible evidence of possible criminal conduct relating to any suspected or actual violations or attempted violations of any U.S. export control laws or regulations by the officers, directors, or of HUAXING. At the request of the USAO-DC, HUAXING shall provide the USAO-DC and BIS with all relevant non-privileged documents and information concerning such allegations, including but not limited to internal audit reports, "whistleblower" complaints, civil complaints, and documents produced in civil litigation. In addition, to the extent HUAXING has an obligation to notify the USAO-DC and BIS pursuant to this subsection, HUAXING shall report to the USAO-DC and BIS its planned investigative measures and any resulting remedial measures, internal and external, as a result of any suspected or actual violations of any U.S. export control laws or regulations.

Your client also agrees that it will provide a complete copy of the audit reports required under its Administrative Agreement with BIS to the USAO-DC at the same time those reports are provided to BIS. Your client agrees that the USAO-DC may disclose the audit reports to any other U.S. federal law enforcement or regulatory agency in furtherance of an investigation of any other matters discovered by, or brought to the attention of, the USAO-DC. Upon delivery of those audit reports, your client may identify any trade secret or proprietary information contained in the audit reports and request that the information be redacted prior to disclosure. If the USAO-DC does not agree with HUAXING's requested redactions, the USAO-DC will not disclose the audit reports without first notifying HUAXING, through undersigned counsel, and providing a fourteen (14) day period for HUAXING to object to the disclosure of the audits in a form other than what HUAXING had proposed.

The United States Commerce Department shall submit a Compliance Report to the U.S. Probation Office by 9/30/14.

Status Hearing is scheduled for 12/4/14 at 10:30 a.m. before Judge Emmet G. Sullivan.

AO 245E   (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION:  CHINA NUCELAR INDUSTRY HUAXING CONS   Judgment — Page __6__ of __9__
CASE NUMBER:  12-251

## CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 1,600.00 | $ 2,000,000.00 | $ |

*PURSUANT TO (F.R.CR.P) II(c)(1)(c)*

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E     (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
             Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION:  CHINA NUCELAR INDUSTRY HUAXING CONS    Judgment — Page __7__ of __9__
CASE NUMBER:  12-251

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C or  ☐ D below; or

B  ☐  Payment to begin immediately (may be combined with   ☐C or   ☐ D below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☑  Special instructions regarding the payment of criminal monetary penalties:

    Special assessment of 1,600.00  shall be paid to the Clerk's Office by close of business on 12/6/12.
    $1,000.00.00 shall be paid to the Clerk's Office by close of business on 12/6/12.
    Payment of $1,000,000.00 is stayed.

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant organization shall pay the cost of prosecution.

☐  The defendant organization shall pay the following court cost(s):

☐  The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.